UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: ICONIX BRAND GROUP, INC., et al. : Civil Action No. 1:15-cv-04860-PGG
                                         :
                                         : Class Action
                                         :
This Document Relates To All Actions     :
                                         :
                                         :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement and Release, dated September 16, 2019 (the "Stipulation"), is made and entered into by and among: (i) lead plaintiffs City of Atlanta Firefighters' Pension Fund and City of Atlanta Police Officers' Pension Fund (collectively, "Lead Plaintiffs" or "Plaintiffs"), individually and on behalf of each Class Member (as defined herein); and (ii) Defendants Iconix Brand Group, Inc. ("Iconix" or the "Company") and Neil Cole, Warren Clamen, Jeff Lupinacci, David Blumberg, Seth Horowitz, David K. Jones, and F. Peter Cuneo ("Individual Defendants," together with Iconix, the "Defendants"), by and through their respective counsel of record in this Litigation.[1]  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims and the Released Defendants' Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.[2]

---

[1] The definition of "Defendants" above does not include Defendant BDO USA, LLP ("BDO").  BDO is not a settling Defendant, it is not party to this Stipulation, and this Stipulation does not pertain to, address or otherwise resolve or curtail any of Lead Plaintiffs' claims in this Litigation against BDO, which remain pending before the Court.

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in section IV.1.

## I.     THE LITIGATION

Beginning on June 23, 2015, three putative class actions were filed on behalf of investors in the United States District Court for the Southern District of New York (the "Court"), alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and United States Securities and Exchange Commission Rule 10b-5 as against Defendants.  On March 14, 2016, the Court: (1) consolidated the three putative class actions, (2) appointed the City of Atlanta Police Officers' Pension Fund and the City of Atlanta Firefighters' Pension Fund as lead plaintiffs, and (3) approved Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as co-lead counsel.  (ECF No. 53.)

On May 13, 2016, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("Consolidated Complaint").  On July 27, 2016, Defendants moved to dismiss the Consolidated Complaint, which was opposed by Lead Plaintiffs.  On October 25, 2017, the Court granted Defendants' motion to dismiss without prejudice.  (ECF No. 113.)   Lead Plaintiffs thereafter filed their Second Consolidated Amended Class Action Complaint ("Second Amended Complaint") on November 14, 2017.  Defendants moved to dismiss the Second Amended Complaint on February 2, 2018, and Lead Plaintiffs opposed the motion.  Defendants' motion to dismiss the Second Amended Complaint is pending before the Court.

## II.    DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs and the Class in the Litigation.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, among other allegations, the allegations that Lead Plaintiffs or

the Class have suffered any damage, that the price of Iconix securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation. Defendants believe that the facts alleged do not plead a cognizable claim of securities fraud, and rather, support their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable laws, regulations, and rules, including the Generally Accepted Accounting Principles ("GAAP").  In addition, even if the Second Amended Complaint were not dismissed as a matter of law, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation, and concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have agreed to enter into this Stipulation solely to eliminate the uncertainty, burden and expense of further litigation, and to put the released claims to rest, finally and forever.  As set forth in ¶10.4, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.

## III.  LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Based upon their investigation and prosecution of the case, Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit, but that the terms and conditions of this Stipulation are fair, reasonable and adequate, and confer substantial benefits upon the Class.  Lead Plaintiffs and Lead Counsel recognize and acknowledge the uncertainty,

expense and length of further litigation against Defendants, including the uncertainty that the Court will grant Defendants' pending motion to dismiss the Second Amended Complaint as well as the uncertainty, expense and length of discovery, trial, and appeals. They also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Class) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure in consideration of the benefits flowing to the parties from the Settlement, the Litigation, the Released Plaintiffs' Claims, and the Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation, the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member who submits a Claim for payment that is approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation and the Court-approved Plan of Allocation.

1.2   "Claim" means a paper claim submitted on a Proof of Claim and Release or an electronic claim that is submitted to the Claims Administrator.

1.3     "Claimant" means a Person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5     "Class" means all Persons who, during the Class Period, purchased or otherwise acquired Iconix securities.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of Iconix during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

1.6      "Class Counsel" or "Lead Counsel" means counsel appointed by the Court as co-lead counsel on March 14, 2016.  (ECF No. 53.)

1.7     "Class Member(s)" or "Member(s) of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.8     "Class Period" means the period from February 22, 2012 through November 5, 2015, inclusive.

1.9     "Class Representatives" or "Lead Plaintiffs" means plaintiffs appointed by the Court as lead plaintiffs on March 14, 2016.  (ECF No. 53.)

1.10     "Defendants" means Iconix, Neil Cole ("Cole"), Warren Clamen ("Clamen"), Jeff Lupinacci ("Lupinacci"), David Blumberg ("Blumberg"), Seth Horowitz ("Horowitz"), David K. Jones ("Jones"), and F. Peter Cuneo ("Cuneo").  "Defendants" does not include Defendant BDO,

who is not a party to this Stipulation, nor does this Stipulation address, curtail or otherwise resolve any of Lead Plaintiffs' claims against BDO in this Litigation, which remain pending.

1.11    "Defendants' Counsel" means Skadden, Arps, Slate, Meagher & Flom LLP for Iconix and Cuneo; Friedman Kaplan Seiler & Adelman LLP for Blumberg; Shearman & Sterling LLP for Clamen; Paul, Weiss, Rifkind, Wharton & Garrison LLP for Cole; Akin Gump Strauss Hauer & Feld LLP for Jones; Frankfurt Kurnit Klein & Selz PC for Lupinacci; and Olshan Frome Wolosky LLP for Horowitz.

1.12    "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶9.1 of this Stipulation have been met and have occurred.

1.13    "Escrow Account" means the account controlled by the Escrow Agent.

1.14    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Saxena White P.A.

1.15    "Fee and Expense Application" means the application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.16    "Fee and Expense Award" means the Court's award of attorneys' fees and expenses and interest thereon to Lead Counsel to be paid from the Settlement Fund.

1.17    "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, when the last of the following shall occur: (i) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (ii) an appeal has been filed and either (a) the court of appeals has

either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (b) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Fee and Expense Application, the Fee and Expense Award, the Plan of Allocation, the order on the Plan of Allocation, or the procedures for determining Authorized Claimants' Recognized Claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.18    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19    "Litigation" or "Action" means the action captioned *In re Iconix Brand Group, Inc., et al.*, No. 1:15-cv-04860-PGG (S.D.N.Y.).

1.20    "Net Settlement Fund" means the Settlement Fund less: (i) any Fee and Expense Award and any award to Lead Plaintiffs approved by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other fees and expenses authorized by the Court.

1.21    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.22    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the

Settlement, including, but not limited to: (i) providing notice by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.23    "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.24    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants, set forth in the Notice.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor the Released Defendant Parties shall have any responsibility or liability with respect thereto.

1.25    "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.26    "Proof of Claim and Release" or "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in the distribution of the Net Settlement Fund.

1.27    "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Claims Administrator to be compensable under the Plan of Allocation.

1.28    "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants (as defined in ¶1.10), and each of their respective direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.  "Released Defendant Party" or "Released Defendant Parties" do not include Defendant BDO, who is not a party to this Stipulation.  Lead Plaintiffs' claims against BDO remain pending in the Litigation.

1.29    "Released Defendants' Claims" means as against all Plaintiffs in the Action, Lead Counsel, and all other Class Members, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants (as defined in ¶1.10), except for claims relating to the enforcement of the Stipulation of Settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

1.30    "Released Plaintiffs' Claims" means to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or

special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, setoffs, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, accrued or unaccrued, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, against the Released Defendant Parties that are based upon, arise from, or relate to both: (i) the allegations, transactions, facts, matters, events, disclosures, public filings, acts, occurrences, representations, statements, financial statements, restatements of financial statements, accounting treatments, omissions and/or failures to act that were alleged, in the Consolidated Complaint or Second Amended Complaint and any other complaints filed in connection with this Action, or could have been alleged by Lead Plaintiffs or any Class Member in this Action; and (ii) the purchase or acquisition of Iconix securities during the Class Period. The Released Plaintiffs' Claims will not include any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.  "Released Plaintiffs' Claims" expressly includes "Unknown Claims" as defined in ¶1.41 hereof.  "Released Plaintiffs' Claims" does <u>not</u> include Lead Plaintiffs' claims against Defendant BDO, which remain pending in the Litigation.

1.31    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, each and every Class Member, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint ventures, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys,

accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities in their capacity as such.  Releasing Plaintiff Parties do not include any Person who is timely and validly excluded from the Class.

1.32    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

1.33    "Settlement Amount" means USD six million ($6,000,000.00) in cash, to be paid by wire transfer or check to the Escrow Agent pursuant to ¶3.2 of this Stipulation.

1.34    "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon.  Such amount is paid as consideration for the full and complete settlement of all the Released Plaintiffs' Claims.

1.35    "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and should be approved.

1.36    "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on behalf of themselves and the Class.

1.37    "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.38    "Supplemental Agreement" means the agreement entered into by the Settling Parties, setting forth certain conditions under which this Stipulation may be withdrawn or terminated at the sole discretion of any of the Defendants, as set forth in ¶9.3.

1.39    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and

additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state or local.

1.40   "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶3.11(b).

1.41   "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties and the Releasing Plaintiff Parties, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, the decision to object to the terms of the Settlement, to the release of the Released Defendant Parties and the Releasing Plaintiff Parties, or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code Section 1542.  Lead Plaintiffs, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Settling Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## 2. Class Certification

2.1    Solely for the purpose of effectuating the Settlement, the Settling Parties stipulate and agree to: (a) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and

(b)(3), on behalf of the Class; (b) the Court making the necessary findings to certify a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (c) appointment of City of Atlanta Police Officers' Pension Fund and City of Atlanta Firefighters' Pension Fund as Class Representatives; and (d) appointment of Robbins Geller and Saxena White as Class Counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs will move for entry of the Preliminary Approval Order, attached hereto as Exhibit A, which will certify the Action to proceed as a class action for only the purpose of settlement.  In the event that this Settlement is terminated pursuant to the terms of the Stipulation, the certification of the Class in connection with this Settlement shall become null and void.

**3.     The Settlement**

3.1     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing Plaintiff Parties and Released Defendant Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

**a.     The Settlement Amount**

3.2     In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶¶5.1-5.3 below, all of which the Settling Parties agree are good and valuable consideration, the Company shall pay or cause to be paid the Settlement Amount by wire transfer or check in accordance with instructions to be provided by the Escrow Agent.  The Settlement Amount shall be paid within twenty-one (21) calendar days after both: (i) entry of the Preliminary Approval Order by the Court; and (ii) Lead Counsel provides to Defendants' Counsel the W-9 and all necessary wire transfer instructions necessary to effectuate a transfer of funds to the Escrow Account.  If the entire Settlement Amount is not timely paid to the Escrow Agent pursuant to this paragraph, Lead Plaintiffs may, at their sole

discretion, elect to terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

3.3    With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶3.2, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, supervision, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

3.4    Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶3.2, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

### b.    The Escrow Agent

3.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent.   All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for the actions of the Escrow Agent.

3.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel.

3.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.   The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for any transaction executed by the Escrow Agent.

3.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

3.9     Before the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $200,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred.  Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon order of the Court.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date, without approval of Defendants or further order of the Court, all further reasonable Notice and Administration Expenses, regardless of amount, may be paid as incurred. In the event that the Settlement does not become Final, reasonable expenses actually incurred or due and owing for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers, or any other Person or entity who or which funded the Settlement Fund.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for any Notice and Administration Expenses.

3.10    It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

### c.      Taxes

3.11     (a)      The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation Section 1.468B-1(c)(1). In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶3.11, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

(b)      The Settling Parties agree that the Escrow Agent shall be "administrators" of the qualified Settlement Fund for the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  The Escrow Agent shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treasury Regulation Section 1.468B-2(k)).  Such returns (as well as the election described in ¶3.11(a) hereof) shall be consistent with this ¶3.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶3.11(c) hereof.

(c)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and Tax Expenses, shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.   The Settlement Fund, as a legal taxable entity, shall indemnify and hold each of the Released Defendant Parties and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).   Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or Defendants and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 468B-2(l)(2)); neither the Releasing Plaintiff Parties, the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.   The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.11.

### d. Termination of Settlement

3.12    In the event that the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶3.9 and 3.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶9.6 herein.

### 4.    Preliminary Approval Order and Settlement Hearing

4.1    Promptly, and not later than ten (10) business days, after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and Lead Plaintiffs shall move for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiffs' request for an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

### 5.    Releases

5.1    By operation of the Judgment, as of the Effective Date, as defined in ¶1.12 hereof, Lead Plaintiffs and each and every Releasing Plaintiff Party, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement

Fund, (i) shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties; and (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties in any court of law or equity, arbitration, tribunal or administrative forum.  Claims to enforce the terms of the Stipulation are not released.

5.2     The Proof of Claim and Release to be executed by the Class Members shall release all Released Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3     By operation of the Judgment, as of the Effective Date, as defined in ¶1.12 hereof, Defendants (as defined in ¶1.10) and each and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

**6.     Provision of Notice, Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Iconix's obligation to provide records of purchasers of Iconix common stock as provided in ¶6.2 below, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or

interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Members, or Lead Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, supervision or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.  The Released Defendant Parties and Defendants shall take no position as to the Plan of Allocation.

6.2    In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing Notice to the Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Iconix will use reasonable business efforts to provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund,

Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the purchasers of Iconix common stock during the Class Period.

6.3     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses as described in ¶3.9 hereof;

(b)     to pay the Taxes and Tax Expenses as described in ¶3.11 hereof;

(c)     to pay the Fee and Expense Award to Lead Counsel and to pay Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

6.6     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release,

substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.7    The Claims Administrator shall receive Claims and, under the supervision of Lead Counsel, determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

6.8    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

6.9    Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proofs of Claim and Release submitted.  The Claims Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Release it proposes to reject in whole or in part, setting forth the reasons therefore, and shall

indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.10 below.

6.10   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notice required in ¶6.9 above, or within ten (10) business days if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court.   The administrative determination of the Claims Administrator accepting and rejecting Claims shall be presented to the Court and, on notice to Defendants' Counsel, for approval by the Court.  Defendants shall not take a position on the administrative determinations of the Claims Administrator.

6.11   Each Claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Litigation or Settlement in connection with the processing of the Claims.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other Claimants, and parties to

this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

6.12    Payment pursuant to this Stipulation and Plan of Allocation shall be deemed Final and conclusive against all Claimants.  All Class Members whose Claims are not approved shall be barred from participating in a distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and shall be banned from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

6.13    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court.   If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-sectarian, non-profit organization designated by the Settling Parties.

6.14    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.   No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in ¶¶6.1-6.13 hereof.  The Class Members, Lead

Plaintiffs and Lead Counsel release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

6.15    No Person shall have any claim against the Released Defendant Parties, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.16    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein, or any orders entered pursuant to the Stipulation.

6.17    Pursuant to the Class Action Fairness Act, no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants' Counsel shall, at Defendants' expense, serve proper notice of the Settlement upon the United States Attorney General and each State Attorney General.

**7.      Lead Counsel's Attorneys' Fees and Expenses**

7.1     Lead Counsel will submit a Fee and Expense Application on behalf of all counsel for the Class for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same

rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred. In addition, Lead Plaintiffs may also submit a request for reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).

7.2     Any attorneys' fees and expenses awarded to Lead Counsel by the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of the Judgment and an Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.

7.3     In the event that the Effective Date does not occur, the Order and Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation of Settlement is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel who have received any portion of the Fee and Expense Award shall within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction refund to the Settlement Fund all fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Each such Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Any refunds required pursuant to this paragraph ¶7.3 shall be the joint and several obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, or the amounts requested by Lead Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  Any order or proceeding relating to the proposed application for a Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation of Settlement or affect or delay the validity or finality of the Court's Judgment approving the Stipulation and the Settlement and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

7.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Counsel or any other plaintiffs and counsel.

7.6     The Released Defendant Parties shall have no responsibility for the allocation among Lead Counsel, any other counsel who have represented one or more plaintiffs in the Litigation, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Terms of the Judgment**

8.1     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in

the form attached hereto as Exhibit B, providing that the Court may immediately enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

8.2    The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B that shall, pursuant to the PSLRA and common law, bar all future claims and claims over by any individual or entity against any of the Released Defendant Parties, and by the Released Defendant Parties against any individual or entity, for: (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Lead Plaintiffs and/or Members of the Class arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action.

8.3    The Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Class or a Member of the Class against any individual or entity subject to the Bar Order shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages, as proven at trial; or (b) the Settlement Amount.

8.4    Nothing in the Bar Order or this Stipulation shall release any claims that the Defendants may have against Iconix's liability insurance carriers or liability insurance policies, or any claims that Defendants may have against their own respective liability insurance carriers. Nothing in the Bar Order or this Stipulation shall be construed to impair, negate, diminish, or adversely affect any rights of Defendants or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to

recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to this Stipulation or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendants expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.

### 9. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

9.1     The Effective Date of the Stipulation shall be the three (3) business days after all of the following conditions have been met and occurred:

(a)     Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Settling Parties;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Settlement Amount has been deposited into the Escrow Account, as set forth in ¶3.2 hereof;

(d)     Defendants have not exercised their option to terminate the Stipulation of Settlement; and

(e)     The Court has entered the Judgment approving the Stipulation of Settlement, and the Judgment has become Final.

9.2     This is not a claims made settlement.  Upon the Effective Date, the Released Defendant Parties, including Defendants, Defendants' insurers, and/or any other Person funding the Settlement on behalf of the Defendants, shall have no interest in the Settlement Fund or in the Net Settlement Fund and shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶9.1 hereof are not met, then the

Settlement shall be canceled and terminated subject to ¶¶9.5, 9.6 and 9.7 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or amounts to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

9.3     If prior to the Settlement Hearing, the aggregate number of shares of Iconix securities purchased or acquired during the Class Period by Persons who would otherwise be Class Members, but who request exclusion from the Class, exceeds the sum specified in the Supplemental Agreement, Defendants shall have the discretion to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement.  The Supplemental Agreement shall not be filed with the Court unless and until a dispute arises between the Settling Parties concerning its interpretation or application, or as otherwise ordered by the Court.  The Supplemental Agreement shall not otherwise be disclosed in any manner unless ordered by the Court.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

9.4     To be valid, a request for exclusion must contain all of the information requested in the Notice, and must be received on or before the date set forth in the Notice ("Exclusion

Date"). A request for exclusion that does not comply with the foregoing sentence will nevertheless be deemed valid if accepted by the Court. Upon receiving any request(s) for exclusion, Lead Counsel or the Claims Administrator shall provide copies of such request(s) to Defendants' Counsel via facsimile or electronic mail within the sooner of five (5) days of receipt or fourteen (14) days prior to the Settlement Hearing.

9.5    Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within five (5) business days after joint written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶3.9 and 3.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶3.9 and 3.11 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶7.2 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶7.3 above.

9.6    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of July 30, 2019. In such event, the terms and provisions of the Stipulation and any aspect of the discussions or

negotiations leading to this Stipulation, with the exception of ¶¶1.1-1.41, 3.9, 3.11, 7.3-7.4, 9.6-9.8, 10.4, and 10.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

9.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶3.9 and 3.11.   In addition, any expenses already incurred pursuant to ¶¶3.9 and 3.11 hereof at the time of such termination or cancellation but which have not been paid shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶3.12 and 9.6 hereof.

9.8     Each Defendant warrants and represents as to himself, herself or itself only, that he, she or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation.

9.9     If, before the Effective Date occurs, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, in the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not

promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants, and Defendants and Lead Plaintiffs and the Members of the Class shall be restored to their litigation positions as of July 30, 2019.

### 10. Miscellaneous Provisions

10.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

10.2    The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Litigation, Released Plaintiffs' Claims and Released Defendants' Claims.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Litigation and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be

appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.3    The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.

10.4    By entering into this Stipulation, Defendants neither individually nor collectively admit any liability or wrongdoing.  In particular:

(a)    Defendants deny that they have committed or intended to commit any wrongdoing or violations of law as alleged in any complaint in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law; and

(b)    Defendants further deny that they made any material misstatements or omissions, that they acted with the requisite state of mind, that any Lead Plaintiff or Class Member has suffered any damages as a result of any conduct alleged in this Litigation or that could have been alleged therein.  This Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents, or agreements relating to this Stipulation, the Settlement, and any matters arising in connection with them, shall not be offered or received against or to the prejudice of any Defendant for any purpose other than in an action to enforce the terms of this Stipulation, or the Settlement, and in particular do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Defendant as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Defendants with respect to: (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in this Litigation; (ii) the validity of any claim that has been or could have

been asserted in this Litigation or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault, or wrongdoing of any Defendant whatsoever.

10.5    Defendants and/or Released Defendant Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.

10.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

10.7    All of the Exhibits to the Stipulation, and the Supplemental Agreement, are material and integral parts hereof and are fully incorporated herein by this reference.

10.8    The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.9    The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

10.10   The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  The Settling Parties agree that no prior drafts or unexecuted versions of the Stipulation, its Exhibits, and the Supplemental Agreement or communications between the Settling Parties shall be construed as evidence of the Settling Parties' intent or understanding of the Stipulation, its Exhibits, and the Supplemental Agreement.

10.11   Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

10.12   All counsel and any other person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

10.13   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

10.14   All notices, requests, demands, claims and other communications hereunder shall

be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii)

one (1) business day after being sent to the recipient by reputable overnight courier service

(charges prepaid) or by e-mail; or (iii) seven (7) business days after being mailed to the recipient

by certified or registered mail, return receipt requested and postage prepaid, and addressed to the

intended recipient as set forth below:

**If to Lead Plaintiffs or Lead Counsel:**

ROBBINS GELLER RUDMAN
  & DOWD LLP
Samuel H. Rudman
Robert M. Rothman
Erin W. Boardman
58 South Service Road, Suite 200
Melville, NY 11747
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
eboardman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
Jack Reise
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
jreise@rgrdlaw.com

SAXENA WHITE P.A.
Joseph E. White, III
Lester R. Hooker
Jorge A. Amador
150 East Palmetto Park Road, Suite 600
Boca Raton, FL 33432
jwhite@saxenawhite.com
lhooker@saxenawhite.com
jamador@saxenawhite.com

SAXENA WHITE P.A.
Steven B. Singer
10 Bank Street, 8th Floor
White Plains, NY 10606
ssinger@saxenawhite.com

**If to Defendants or Defendants' Counsel:**

SKADDEN, ARPS, SLATE,

MEAGHER & FLOM LLP
Jay B. Kasner
Scott D. Musoff
Alexander C. Drylewski
Four Times Square
New York, NY 10036
jkasner@skadden.com
smusoff@skadden.com
Alexander.Drylewski@skadden.com

FRIEDMAN KAPLAN
  SEILER & ADELMAN LLP
Eric Corngold
John N. Orsini
Seven Times Square
New York, NY 10036
ecorngold@fklaw.com
jorsini@fklaw.com

SHEARMAN & STERLING LLP
John A. Nathanson
Agnès Dunogué
599 Lexington Avenue
New York, NY 10022
john.nathanson@shearman.com
Agnes.Dunogue@Shearman.com

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
Lorin L. Reisner
Richard A. Rosen
1285 Avenue of the Americas
New York, NY 10019
lreisner@paulweiss.com
rrosen@paulweiss.com

AKIN GUMP STRAUSS
  HAUER AND FELD LLP
Stephen M. Baldini
One Bryant Park
New York, NY 10036
sbaldini@akingump.com

FRANKFURT KURNIT
  KLEIN & SELZ PC
Brian E. Maas
Andrew J. Ungberg
488 Madison Avenue
New York, NY 10022
bmaas@ficks.com
aungberg@fkks.com

OLSHAN FROME WOLOSKY LLP
Thomas J. Fleming
Adrienne M. Ward
1325 Avenue of the Americas
New York, NY 10019
tfleming@olshanlaw.com
award@olshanlaw.com

10.15   This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

10.16   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

10.17   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.18   All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

10.19   This Stipulation, its Exhibits, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York.   The construction, interpretation, operation, effect, and validity of this Stipulation, its Exhibits, the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

10.20   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

10.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

10.22   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

10.23   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

10.24   Except as otherwise provided herein, each party shall bear its own costs.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 16, 2019.

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
MARK T. MILLKEY
ERIN W. BOARDMAN
ROBERT D. GERSON

ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*admitted pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
LESTER R. HOOKER (*admitted pro hac vice*)
JORGE A. AMADOR (*admitted pro hac vice*)
150 East Palmetto Park Road, Suite 600
Boca Raton, FL 33432
Telephone: (561) 394-3399

SAXENA WHITE P.A.
STEVEN B. SINGER
KYLA GRANT
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551

Attorneys for Plaintiffs


SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
JAY B. KASNER
SCOTT D. MUSOFF
ALEXANDER C. DRYLEWSKI

_____
            JAY B. KASNER

Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

Attorneys for Defendants Iconix Brand Group, Inc.
and F. Peter Cuneo

FRIEDMAN KAPLAN
  SEILER & ADELMAN LLP
ERIC CORNGOLD
JOHN N. ORSINI

_____

           JOHN N. ORSINI

7 Times Square
New York, New York 10036
Telephone: (212) 833-1100

Attorneys for Defendant David Blumberg


SHEARMAN & STERLING LLP
JOHN A. NATHANSON
AGNÈS DUNOGUÉ


_____
           JOHN A. NATHANSON

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

Attorneys for Defendant Warren Clamen


PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
LORIN L. REISNER
RICHARD A. ROSEN
RICHARD C. TARLOWE


_____
           RICHARD A. ROSEN

1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000

Attorneys for Defendant Neil Cole

FRIEDMAN KAPLAN
  SEILER & ADELMAN LLP
ERIC CORNGOLD
JOHN N. ORSINI

---

JOHN N. ORSINI

7 Times Square
New York, New York 10036
Telephone: (212) 833-1100

Attorneys for Defendant David Blumberg

SHEARMAN & STERLING LLP
JOHN A. NATHANSON
AGNÈS DUNOGUÉ

---

JOHN A. NATHANSON

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

Attorneys for Defendant Warren Clamen

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
LORIN L. REISNER
RICHARD A. ROSEN
RICHARD C. TARLOWE

---

RICHARD A. ROSEN

1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000

Attorneys for Defendant Neil Cole

FRIEDMAN KAPLAN
  SEILER & ADELMAN LLP
ERIC CORNGOLD
JOHN N. ORSINI

---

JOHN N. ORSINI

7 Times Square
New York, New York 10036
Telephone: (212) 833-1100

Attorneys for Defendant David Blumberg


SHEARMAN & STERLING LLP
JOHN A. NATHANSON
AGNÈS DUNOGUÉ

---

JOHN A. NATHANSON

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

Attorneys for Defendant Warren Clamen


PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
LORIN L. REISNER
RICHARD A. ROSEN
RICHARD C. TARLOWE

*Richard Rosen* ejr with permission

---

RICHARD A. ROSEN

1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000

Attorneys for Defendant Neil Cole

OLSHAN FROME WOLOSKY LLP
THOMAS J. FLEMING
ADRIENNE M. WARD

_____
ADRIENNE M. WARD
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300

Attorneys for Defendant Seth Horowitz


AKIN GUMP STRAUSS
 HAUER AND FELD LLP
STEPHEN M. BALDINI

_____
STEPHEN M. BALDINI
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

Attorneys for Defendant David K. Jones


FRANKFURT KURNIT
 KLEIN & SELZ PC
BRIAN E. MAAS
ANDREW J. UNGBERG

_____
ANDREW J. UNGBERG
488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120

Attorneys for Defendant Jeff Lupinacci

OLSHAN FROME WOLOSKY LLP
THOMAS J. FLEMING
ADRIENNE M. WARD

_____
ADRIENNE M. WARD

1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300

Attorneys for Defendant Seth Horowitz

AKIN GUMP STRAUSS
HAUER AND FELD LLP
STEPHEN M. BALDINI

_____
STEPHEN M. BALDINI

One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

Attorneys for Defendant David K. Jones

FRANKFURT KURNIT
KLEIN & SELZ PC
BRIAN E. MAAS
ANDREW J. UNGBERG

_____
ANDREW J. UNGBERG

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120

Attorneys for Defendant Jeff Lupinacci

45

OLSHAN FROME WOLOSKY LLP
THOMAS J. FLEMING
ADRIENNE M. WARD

_____

ADRIENNE M. WARD

1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300

Attorneys for Defendant Seth Horowitz


AKIN GUMP STRAUSS
 HAUER AND FELD LLP
STEPHEN M. BALDINI

_____

STEPHEN M. BALDINI

One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

Attorneys for Defendant David K. Jones


FRANKFURT KURNIT
 KLEIN & SELZ PC
BRIAN E. MAAS
ANDREW J. UNGBERG

_____

ANDREW J. UNGBERG

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120

Attorneys for Defendant Jeff Lupinacci

45

**CERTIFICATE OF SERVICE**

I, Robert M. Rothman, hereby certify that on September 17, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.  I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 17, 2019, at Melville, New York.

               s/ Robert M. Rothman
_____
ROBERT M. ROTHMAN
