UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re ICONIX BRAND GROUP, INC., et al.  :  Civil Action No. 1:15-cv-04860-PGG
————————————————————    :
                                        :  CLASS ACTION
This Document Relates To:               :
                                        :
    ALL ACTIONS.                        :
———————————————————— x

■■■■■■■ ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *In re Iconix Brand Group, Inc., et al.*, Civil Action No. 1:15-cv-04860-PGG (the "Litigation");

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement and Release, dated as of September 16, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who, during the Class Period, purchased or otherwise acquired Iconix securities. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of Iconix during the Class Period; (iv) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party.

3. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Class Members pursuant to this Order.

4. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs City of Atlanta Firefighters' Pension Fund and City of Atlanta Police Officers' Pension Fund are preliminarily certified as the class representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Saxena White P.A. are preliminarily certified as class counsel.

6. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

4816-9499-6134.v1

7. A hearing (the "Settlement Hearing") shall be held before this Court on January 23, 2020, at 11:00 a.m. [a date that is at least 100 calendar days from the date of this Order], at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 705, 40 Foley Square, New York, NY 10007, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered; to determine whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine whether the Class should be finally certified for purposes of the Settlement only; to determine whether Lead Plaintiffs and Lead Counsel should be finally appointed as class representative and class counsel, respectively, for purposes of the Settlement only; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine the amount to be awarded to Lead Plaintiffs; and to address such other matters relating to this Settlement as may properly be before the Court. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

8. The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶10-11 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all

- 3 -

4816-9499-6134.v1

applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

9. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10. Not later than October 8, 2019 [ten (10) business days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.IconixSecuritiesSettlement.com.

11. Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13. Nominees who purchased or otherwise acquired Iconix common shares for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Iconix common shares within ten (10) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims

Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing timely and adequate notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

15. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund but shall nonetheless be bound by the Stipulation, the Judgment, and the releases therein, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16. The Proof of Claim submitted by each Class Member must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the

- 5 -
4816-9499-6134 v1

form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

18. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is postmarked no later than December 30, 2019 [a date twenty-one (21) calendar days before the Settlement Hearing]. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and acquisitions of Iconix common stock between February 22, 2012 and November 5, 2015, inclusive, including the dates, the number of shares of Iconix common stock purchased, acquired or sold, and price paid or received for each such purchase or acquisition; and (c) that the Person wishes to be excluded from the Class. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights

- 6 -

under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

19. Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to three days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in ¶18 above.

20. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion and a list of all Class Members who have requested exclusion, and any written revocation of requests for exclusion, within five (5) calendar days and in any event no later than January 9, 2020 [a date fourteen (14) calendar days before the Settlement Hearing].

21. Any Member of the Class who does not request exclusion may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded, or why an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail a written objection and copies of any papers and briefs such that they are received, not simply postmarked, on or before December 30, 2019 [a date twenty-one (21) calendar days before the Settlement Hearing], by Robbins Geller Rudman & Dowd LLP, Mark Millkey, 58 South Service Road, Suite 200, Melville, NY 11747; and Skadden, Arps, Slate, Meagher & Flom LLP, Scott D. Musoff, Four Times Square, New York, NY 10036, and filed said objection, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, on or before

- 7 -

December 30, 2019 [a date twenty-one (21) calendar days before the Settlement Hearing]. Any objection must: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees or expenses in this Litigation; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (iv) state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (v) include documents sufficient to prove the objector's membership in the Class, such as the number of shares of Iconix common stock purchased or acquired during the Class Period, as well as the dates and prices of each such purchase or acquisition. The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses or to the award to Plaintiffs, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing.

22. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Plaintiffs shall be filed and served by December 19, 2019 [a date thirty-five (35) calendar days before the Settlement Hearing]. Replies to any objections shall be filed and served by January 16, 2020 [a date seven (7) calendar days before the Settlement Hearing].

24. Neither the Released Defendant Parties nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

26. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.9 or 3.11 of the Stipulation.

27. Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce

the terms of the Stipulation. The Released Defendant Parties, Plaintiffs, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.   The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

29.   If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶9.6 of the Stipulation.

30.   Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Defendants' Claims.

31.   Except to the extent the Settling Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive

jurisdiction over the Litigation to consider all further matters arising out of or connected with the

Settlement. The Clerk of Court is directed to terminate Dkt. No. 135 as moot.

IT IS SO ORDERED.

DATED: September 23, 2019         *Paul G. Gardephe*
                                  THE HONORABLE PAUL G. GARDEPHE
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Robert M. Rothman, hereby certify that on September 17, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice. I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 17, 2019, at Melville, New York.



s/ Robert M. Rothman
ROBERT M. ROTHMAN