UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
IN RE: ICONIX BRAND GROUP, INC., et al. : Civil Action No. 1:15-cv-04860-PGG
:
: <u>Class Action</u>
This Document Relates To All Actions :
: [~~PROPOSED~~] FINAL JUDGMENT
:
:
:
:
:
------------------------------------x

      This matter came before the Court for hearing pursuant to the Order of this Court, dated September 23, 2019, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement and Release dated September 16, 2019 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

      1.    This Judgment incorporates and makes part hereof: (a) the Stipulation; and (b) the Notice of Pendency and Proposed Settlement of Class Action, both filed with the Court on September 17, 2019.

      2.    All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

      3.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

5. Accordingly, the Court directs the Settling Parties to consummate the Settlement pursuant to the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein against Defendants, as that term is defined in ¶1.10 of the Stipulation, are dismissed with prejudice as to Lead Plaintiffs and the other Class Members.[1] Except as to any persons who validly request exclusion and whose names are set out in Exhibit 1 hereto, the Court hereby dismisses with prejudice the Litigation and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims) of the Class as against each and all of the Released Defendant Parties.

6. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7. The Court has reviewed the objection of James J. Hayes and the arguments contained therein and hereby overrules the objection.

---

[1] For the avoidance of doubt, the Stipulation and Settlement does not address, curtail or otherwise resolve Lead Plaintiffs' claims against Defendant BDO USA, LLP ("BDO"). BDO is not a party to the Stipulation.

8. Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiffs or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date, Lead Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

11. Pursuant to the PSLRA and common law, the Court hereby bars all future claims and claims over by any individual or entity against any of the Released Defendant Parties, and by the Released Defendant Parties against any individual or entity, for: (a) contribution or indemnity (or any other claim or claim over, however denominated on whatsoever theory)

arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Lead Plaintiffs and/or Members of the Class arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action (the "Bar Order"). For the avoidance of doubt, nothing in this Bar Order shall release any claims that Defendants may have against their own respective liability insurance carriers. Moreover, nothing in this Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of Defendants or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendants expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.

12. Pursuant to the PSLRA and common law, any final verdict or judgment that may be obtained by or on behalf of the Class or a Member of the Class against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages, as proven at trial; or (b) the Settlement Amount.

13. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set

forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

14.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

15.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or infirmity of any Released Plaintiffs' Claims or any wrongdoing or lack therefor of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil,

criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Defendant Parties, including, but not limited to, the Defendants, may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

17. The Court finds that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. If the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

20. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment, and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Court directs immediate entry of this Judgment by the Clerk of the Court.

22. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: Jan. 23, 2020

_____
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Robert M. Rothman, hereby certify that on January 16, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice. I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 16, 2020, at Melville, New York.

/s/ Robert M. Rothman
ROBERT M. ROTHMAN

**Exhibit 1**

**List of Persons and Entities Excluded from the Class Pursuant to Request**

1. William Roskuszka
2. Fu Sheng Wu
3. Seng Chye, Tan