# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2020 NOV 17  AM 11: 01

IN RE: ICONIX BRAND GROUP, INC, *et al.* :    No. 1:15-cv- 04860-PGG

This Document Relates To:

ALL ACTIONS.

**Memo Endorsed:**  Lead Plaintiffs' counsel shall respond to James J. Hayes's motion (Dkt. No. 178) by **Wednesday, November 25, 2020.**

SO ORDERED.

Paul G. Gardephe

Paul G. Gardephe
United States District Judge

Dated: November 18, 2020

:
:
:    **CLASS ACTION**
:
:    James J. Hayes Notice of Motion
:    and Motion for Reconsideration
:    of Preliminary and Final Approval
:    of Settlement
:

## INTRODUCTION[1]

Under Rules 23 and 60 of the Federal Rules of Civil Procedure, James J. Hayes, a Class Member, and Objector to Settlement moves for Reconsideration of Final Judgment and Preliminary Class Certification to "issue and amend orders necessary to protect class members and fairly conduct the action." Rule (23)(d)(1)and (d)(2)

## RELEVANT BACKGROUND

Part A briefly describes the Security and Exchange Commission ("SEC") investigation that began on November 25, 2013, and ended with Iconix paying a $5.5 million civil penalty on December 5, 2019. Part B describes the Class Action beginning with the Amended Complaint filed on June 23, 2015, and concluded with

---

[1] On behalf of the Class, acknowledgement to Shane MacCarthy for his initative in finding the U.S. Attorney's Press Release on the indictment Iconix's former CEO for securities fraud. Absent our chance meeting, the Class would lose the opportunity to bring new fraud allegations. JJH

the Class Action Settlement Court Approval on January 23, 2020. Part C describes

the U.S. Attorney's investigation that began in early December 2018 and ended

with the criminal indictment of Neil Cole, Iconix's former Chief Executive Officer

("CEO").

### A. SEC Investigation

On November 25, 2013, Iconix Brand Group, Inc. ("Iconix") received a

comment letter addressed to Neil Cole from the SEC regarding the accounting and

presentation of its cash flows in its 2012 10-K. In response, Iconix undertook a

detailed analysis of this metric and promised to make specific reporting changes in

future filings (SAC ¶14). On March 18, 2014, in the wake of the comment letter

process, Warren Clamen, who as Iconix's Chief Financial Officer ("CFO"), had

signed and certified the Company's responses to the SEC's comment letters,

resigned after nine years as CFO.

On December 5, 2019, the SEC charged Iconix and Clamen with failing to

"recognize losses from Iconix's failing licensees, disclose that Iconix entered into

transactions to secretly and temporarily bolster its licensees' finances, and

adequately test for impairments. As a result of these accounting improprieties,

Iconix overstated net income by hundreds of millions of dollars between 2013 and

the third quarter of 2015" (*SEC Charges Iconix Brand Group and Former Top*

*Executives With Accounting Fraud* https://www.sec.gov/news/pressrelease/2019-

251).

In a settlement, Clamen agreed to avoid future violations of the securities laws and pay disgorgement and prejudgment interest of nearly $50,000 with a $150,000 penalty.

The SEC also charged Iconix with an intentional fraud perpetrated through Neil Cole and Seth Horowitz, Iconix's chief operating officer ("COO'), to recognize false revenue and manipulate reported earnings in 2014. The charges parallel the criminal allegations discussed on page 5, *infra*.

Iconix settled the SEC's allegations without admission or denial by paying a $5.5 million civil penalty, an amount that reflects the Company's cooperation and remediation efforts[2].

## B. Class Action Complaint and Settlement Approval

On June 23, 2015, the Court appointed Lead Plaintiffs filed the Consolidated Amended Complaint on behalf of investors purchasing Iconix from "February 22, 2012, through November 5, 2015." Notice ("N") p.1. The Plaintiffs alleged the Defendants violated section 10(b) of the Securities Exchange Act of 1934 by issuing materially false and misleading statements on its overseas JVs to conceal Iconix's deteriorating financial conditions. Specifically, Iconix formed the JVs, then "sold" 50% to local partners, booking the profits in the quarter sold. Iconix repeatedly assured the SEC and investors that their JV partners were "well-capitalized" and "predetermined" to pay, and Iconix had "full recourse" and would sue to collect.

---

[2] Jaclyn Jaeger, complianceweek.com/regulatory-enforcement/Iconix-three-former-execs-charged-with-accounting- fraud/28133 article, Dec. 6, 2019.

On June 14, 2017, the parties participated in mediation before two JAMS mediators, the Hon. Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. The case did not settle at that time.

On October 25, 2017, the Court granted Defendants' motion to dismiss, concluding that the Plaintiffs had failed to plead a strong inference of scienter. The Court granted the Plaintiff's request to amend the Consolidated Amended Complaint, and the Plaintiffs filed their Second Consolidated Amended Complaint on November 14, 2017. The Defendants' joint motion to dismiss followed on February 2, 2018. Lead Plaintiffs served their opposition on March 29, 2018, and Defendants filed their reply on April 27, 2018. N p.4.

In May 2018, Defendants and Plaintiffs independently and with the mediators' aid – resumed the settlement discussions during the June 2017 mediation. **The continued efforts culminated in a mediator's proposal for $6 million, which the parties accepted on July 31, 2019**. N p.3.

On September 17, 2019, the Lead Plaintiffs filed the Settlement Agreement and Stipulation (Dkt.147) and the Motion for Settlement for Preliminary Approval, Certification of the Class, and Approval of Notice to the Class (Dkt.145). The Court approved the Preliminary Settlement Approval and the Notice on September 23, 2019 (Dkt. 149).

In the Stipulation, the Defendants deny the claims alleged by Lead Plaintiffs in the Litigation. Moreover, the Defendants deny all charges of wrongdoing or liability from conduct, including statements, acts, or omissions related to the

4

Litigation. Defendants continue to rebut allegations that Lead Plaintiffs or the Class have suffered damage or the conduct alleged in the Litigation harmed the Lead Plaintiffs or Class. N. p.3.

**On December 19, 2019, the Lead Plaintiffs filed Motion to Approve Final Approval of Class Action Settlement and Approval of Plan of Allocation of Settlement Proceeds** (Dkt.153) and Motion for Attorney Fees and *Reimbursement of Litigation Expenses* (Dkt.155).

On January 16, 2020, the Lead Plaintiffs filed Reply Memorandums in Support of the Motions for Attorney Fees and *Reimbursement of Litigation Expenses*, and Motion to Approve Final Approval of Class Action Settlement and Approval of Plan of Allocation of Settlement Proceeds (Dkt. 162).

On January 23, 2020, the Court held the "Settlement Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement," set forth in the Stipulation between Lead Plaintiffs, and Defendants Iconix, Neil Cole, Warren Clamen, Jeff Lupinacci, David Blumberg, Seth Horowitz, David K. Jones, and F. Peter Cuneo. N p.1.

On January 23, 2020, the Court also entered Final Judgment, which incorporated (a) the Stipulation and (b) the Notice of Pendency and Proposed Settlement of Class Action filed with the Court on September 17, 2019.

## C. Criminal Investigation

In November 2018, counsel for **Seth Horowitz**, Iconix's former COO, informed **Neil Cole's** counsel that his client recently had met with the government.[3] In that meeting, the government asked that he not share the substance of that meeting with anyone else.

In early December 2018, however, Iconix, in a public filing, revealed that the U.S. Attorney's Office had "recently" contacted them in connection with its criminal investigation.

On December 2, 2019, Horowitz pled guilty to engaging in a scheme to fraudulently inflate Iconix's revenue and earnings per share ("EPS") and obstruct justice.

Then on December 5, 2019, the U.S. Attorney for the SDNY Announced the unsealing of an indictment charging **Cole** with arranging the scheme to inflate Iconix's revenue and EPS fraudulently.

As charged, "**Cole** and **Horwitz** orchestrated "round trip" transactions with LF Asia, Iconix joint venture ("JV") partner, to pay artificially inflated buy-in purchase prices for JV interests, with the understanding that Iconix would then reimburse LF Asia for the overpayments.  **Cole** and **Horwitz** executed the scheme to enable Iconix to report fraudulently inflated revenue and EPS figures based on the inflated buy-in purchase prices obtained from LF Asia.

---

[3] Reply Memorandum of Law In Support Of Neil Cole's Motion To Compel Disclosure by the Government Concerning SEC Coordination and Certain Instructions To Witnesses, *U.S. v. Neil Cole,* U.S. District Court, SDNY, No.19  Cr. 869 (E.R.) (p. 4-5).

Specifically, **Cole** arranged for Iconix to enter into three JVs with LF Asia that included inflated buy-in purchase prices:

1. The Southeast Asia JV closed on or about October 1, 2013 ("SEA-1");

2. Southeast Asia first amendment closed June 30, 2014 ("SEA-2"); and

3. Southeast Asia second amendment closed September 17, 2014 ("SEA-3"). Exhibit p. 13, *infra*.

Through the scheme, "**Cole** caused Iconix to report fraudulently inflated revenue and EPS figures to the investing public." In part, **Cole and Horowitz** did so to ensure that the reported figures met analyst consensus and falsely convey that Iconix was growing quarter after quarter, as Cole had touted previously. **Absent the false inflation of revenue from SEA-2 and SEA-3, Iconix would have missed its quarterly revenue performance in the second and third quarters of 2014 and its annual consensus for the full year 2014.** *Id.*

## ARGUMENT

On December 2, 2019, Horowitz's admission to a scheme to inflate Iconix's revenue and EPS fraudulently came six weeks before the Plaintiffs' Attorneys' filed for Final Approval Class Action Settlement. Plaintiffs Counsels' failure to immediately terminate the Settlement Agreement and notify the Court constitutes fraud on the Court and the Class that require Reconsideration of Class Action Settlement Approval.

The U.S. Attorney's December 5, 2019 announcement that Iconix reported fraudulently inflated revenue and EPS figures from the SEA-2 and SEA-3 JVs began with the Q3 2014 earnings report filed with the SEC on July 29, 2014. This

date established disqualifying conflicts in the Plaintiffs Attorneys' concurrent representation of plaintiffs purchasing Iconix shares from February 22, 2012, to July 28, 2014, with plaintiffs purchasing Iconix after July 29, 2014.

The Court's October 25, 2017 Order dismissing the Amended Class Action Complaint eliminated the viable securities fraud claims against Iconix or any of its Officers or Directors. However, the new July 29, 2014, Class Period start date contains the high-merit securities fraud actions (including strong Loss Causation arguments) against **Cole, Horowitz, and Iconix**.

Moreover, February 22, 2012, as the start date arises from Plaintiffs' Attorneys' conflation JV accounting issues with **Cole's and Horowitz's** criminal scheme reporting fraudulently inflated revenue and EPS that began on July 29, 2014. Reconsideration of the Settlement Approval is necessary to preserve the high-merit-security-fraud claims and prevent the settlement money's misallocated distribution.

Conflicted plaintiff lawyers readily overlook the fundamental importance of determining the appropriate start date for securities actions. Seeking Lead Counsel appointment, class action lawyers create lengthy class periods that generate large amounts of potential damages but at the cost of frivolous recoveries, 0.56 % of Recognized Losses in the Iconix Settlement. Reconsideration could restore integrity to the corrupted Lead Plaintiff selection process.

Finally, the Settlement Agreement that incorrectly defines the Class Period allows Defense Counsel to avoid civil Damage liability by **Cole**, and **Horowitz**, with the Settlement Stipulation that Iconix and their attorneys know falsely denies:

- all of the claims alleged by Lead Plaintiffs and the Class;

- all charges of wrongdoing or liability arising from the Defendants' conduct, statements, acts or omissions alleged;

- the allegations that Lead Plaintiffs or the Class suffered any damage;

- the alleged misrepresentations or non-disclosures artificially inflated the price of Iconix securities; or that the

- Class or Lead Plaintiffs suffered from the Defendants conduct or other conduct in the Litigation.
  Dkt.147 Settlement Agreement p. 2-3 (edit by Grammarly).

**Defendants' Attorneys for Cole, Horowitz, and Iconix,** in the civil action, knew the criminal fraud allegations shortly after **November 9, 2018**, when the U.S. Attorney contacted "Iconix and met with [Horwitz]" (n.3, p. 6, *infra*). Consequently, these Attorneys knew that Iconix's CEO and its COO engaged in a scheme to falsely inflate Iconix's reported revenue nearly ten months before signing the false Stipulation denials. These Attorneys' failure to notify the Court, all the plaintiffs' attorneys, and  Defendant Attorneys for Clamen, Lupinacci, Blumberg, Jones, and Cuneo in 2018, argue for Settlement Approval Reconsideration.

Finally, the Defense Attorneys Bad Faith continuation of mediated Settlement Negotiations in 2019, knowing the criminal allegations against **Cole** and **Horowitz** paralleled the Second Amended Complaint, is also a reason for Settlement Reconsideration.

The attorney misconduct reinforces the Court's obligation "to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Reynolds v. Beneficial Nat. Bank,* 288 F. 3d 277, 279 (7th Cir. 2002). Under Rule 23 (c)(1) and Rule 23(d)(1) & (2), the Court's obligation begins with a certifiable class that is now accomplished by amending orders as provided in Rule 23(d)(2).

**The conflicted representation of Defense Attorneys for Cole, Horowitz, and Iconix in the civil and criminal actions and the Lead Plaintiffs Attorneys' concurrent representation of plaintiffs with divergent interests is why the Court Reconsider Settlement Approval and Amend Dkt. Orders 110, 149, 170, 171, and 172 under the authority of Rules 23)(d)(1)and (d)(2) as follows:**

**Dkt. Order 149** to Disapprove Preliminary Settlement Approval, establish July 29, 2014, as the beginning date of Class Period, and provide the eligible Class Members Notice of a Partial Settlement and Distribution;

**Dkt. Order 170** to Approve Plan of Allocation of Settlement Proceeds for Class Members purchasing Iconix beginning July 29, 2014;

**Dkt. Order 171** to Disapprove the Settlement outlined in the Stipulation and Settlement Agreements (Dkt.147) and Amend Dkt. Order113 to grant Plaintiffs leave to file a Third Amended Complaint); and

**Dkt. Order 172** to Deny the Attorney Fee Award.

## CONCLUSION

Reconsideration of Final Settlement Approval is required because Defense and Plaintiff Attorneys have not met their ethical obligations.

Dated November 12, 2020
Annandale, VA 22003

Respectfully submitted,

James J. Hayes, Pro Se
4024 Estabrook Dr.
Annandale, VA 22003
(703) 941-4694
jjhayes@toast.net

## CERTIFICATE OF SERVICE

I, James J. Hayes, certify that on November 12, 2020, I mailed a copy of the

preceding motion to the following:

Mark Millkey
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

Lorin L. Reisner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Scott D. Musoff
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Adrienne Marie Ward
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019

James J. Hayes

10/27/2020  Former Chief Executive Officer Of Publicly Traded Brand Management Company Charged With Accounting Fraud And Obstruction Of J…

Case 1:15-cv-04660-PGG  Document 156  Filed 11/13/20  Page 12 of 16

*Exhibit*

THE UNITED STATES ATTORNEY'S OFFICE

# SOUTHERN DISTRICT *of* NEW YORK

U.S. Attorneys » Southern District of New York » News » Press Releases

**Department of Justice**

U.S. Attorney's Office

Southern District of New York

FOR IMMEDIATE RELEASE                              Thursday, December 5, 2019

## Former Chief Executive Officer Of Publicly Traded Brand Management Company Charged With Accounting Fraud And Obstruction Of Justice

### Former Chief Operating Officer Has Pled Guilty and Is Cooperating in the Government's Investigation

Geoffrey S. Berman, the United States Attorney for the Southern District of New York, William F. Sweeney Jr., the Assistant Director-in-Charge of the New York Field Office of the Federal Bureau of Investigation ("FBI"), and Carl W. Hoecker, the Inspector General of the Office of Inspector General of the U.S. Securities and Exchange Commission ("SEC-OIG"), announced today the unsealing of an Indictment in Manhattan federal court charging NEIL COLE, the former chief executive officer of Iconix Brand Group, Inc. ("Iconix"), a publicly traded brand management company, with engaging in a scheme to fraudulently inflate Iconix's revenue and earnings per share and obstruct justice. The case is assigned to U.S. District Judge Edgardo Ramos.

Mr. Berman also announced today the unsealing of charges against Seth Horowitz, the former chief operating officer of Iconix, who pled guilty on December 2, 2019, and is cooperating with the Government.

COLE is expected to be presented and arraigned later today before U.S. Magistrate Judge Barbara C. Moses in Manhattan federal court.

United States Attorney Geoffrey S. Berman said: "As alleged, Neil Cole entered into illegal secret agreements with joint venture partners to artificially inflate the value to his company. Further, as alleged, Cole lied to outside auditors and to the SEC, and took steps to destroy evidence. Now Neil Cole is in custody and facing serious criminal charges for his alleged conduct. This is the third accounting fraud case brought by our Office in the last four months, which illustrates both the pervasiveness of this crime and my Office's commitment to policing it."

FBI Assistant Director William F. Sweeney Jr. said: "As alleged, Cole and Horowitz falsely represented the financial standing of Iconix's revenue at the expense of its shareholders and the investing public. To aggravate matters further, they allegedly destroyed and concealed evidence from the SEC during their inquiry into the company's joint ventures. This is not a crime to be taken lightly, and as our charges today prove, this type of alleged dishonorable behavior will not go unpunished."

*12*

Case 1:15-cv-04860-PGG     Document 79     Filed 11/16/20     Page 13 of 16

SEC Inspector General Carl W. Hoecker said: "We are committed to tracking down and bringing to justice those who are alleged to have deliberately undermined the integrity of the SEC's mission. The charges announced by the U.S. Attorney's Office are a result of the superb collaborative efforts of our law enforcement partners."

According to the allegations contained in the Indictment[1] unsealed today in Manhattan federal court:

Iconix, whose shares traded on the NASDAQ, was in the business of acquiring various brands, including clothing and fashion brands, and then licensing those brands to retailers, wholesalers, and suppliers, who, in turn, produced and sold clothing and other products bearing the brand names.

Iconix utilized joint ventures ("JVs") to profit from its brands in foreign markets. With respect to these JVs, Iconix transferred ownership of a trademark or brand to the JV while maintaining a 50 percent ownership interest in the JV itself. The other party involved in the JV purchased a 50 percent interest in the JV from Iconix. As part of the JV agreements, each JV partner was generally entitled to 50 percent of the JV's licensing revenue. When it entered into a JV, Iconix recognized as revenue the buy-in purchase price paid by the JV partner, less Iconix's cost basis in the trademarks.

Among the most critical financial metrics disclosed in Iconix's public filings with the SEC were Iconix's quarterly and annual revenue and non-GAAP diluted earnings per share ("EPS"). Iconix executives, including COLE, publicly identified revenue and EPS as the principal metrics demonstrating Iconix's growth. They also touted Iconix's consistent record of revenue and earnings growth and of meeting or exceeding Wall Street analyst consensus with respect to these metrics.

### *The Accounting Fraud Scheme*

COLE and Horowitz engaged in a scheme to falsely inflate Iconix's reported revenue and EPS by orchestrating a series of "round trip" transactions in which COLE and Horowitz induced a JV partner, a Hong Kong-based international apparel licensing company ("Company-1"), to pay artificially inflated buy-in purchase prices for JV interests, with the understanding that Iconix would then reimburse Company-1 for the overpayments. COLE and Horowitz executed the scheme for the purpose of enabling Iconix to report fraudulently inflated revenue and EPS figures based on the inflated buy-in purchase prices it obtained from Company-1.

COLE arranged for Iconix to enter into three JVs with Company-1 that included inflated buy-in purchase prices from Company-1: (1) the Southeast Asia JV, which closed on or about October 1, 2013 ("SEA-1"), (2) the Southeast Asia first amendment, which closed on or about June 30, 2014 ("SEA-2"), and (3) the Southeast Asia second amendment, which closed on or about September 17, 2014 ("SEA-3"), (collectively, the "SEA JVs"). Each of the SEA JVs involved a fraudulent "round trip" transaction, lacking in economic substance, in which Company-1 paid an artificially inflated buy-in purchase price for its interest in the JV, in exchange for COLE's agreement that Iconix would give back the inflated portion of the purchase price to Company-1. COLE and Horowitz hid from Iconix's lawyers and outside auditors that COLE had reached an understanding with Company-1 to artificially increase the consideration Company-1 paid Iconix in exchange for COLE's agreement to round-trip the overpayment back to Company-1.

Through the scheme, COLE and Horowitz caused Iconix to report fraudulently inflated revenue and EPS figures to the investing public. COLE and Horowitz did so, in part, to ensure that the reported figures met analyst consensus and to fraudulently convey the impression to the investing public that Iconix was growing quarter after quarter, as COLE had touted to the investing public. Absent the false inflation of revenue from SEA-2 and SEA-3, Iconix would have missed its quarterly revenue consensus in the second and third quarters of 2014 and its annual revenue consensus for the full year 2014. Absent the false inflation of EPS from SEA-2 and SEA-3, Iconix would have missed its annual non-GAAP diluted EPS consensus for the full year 2014.

13

*Obstruction of Justice*

In late 2014 and early 2015, the SEC Division of Corporate Finance ("Corp Fin") conducted an inquiry into Iconix's accounting treatment for the formation of certain Iconix international JVs, including the SEA JVs. Although the SEC directed Iconix to disclose to the SEC the "business purpose" and material terms of the SEA JVs, COLE intentionally and falsely omitted from an Iconix response letter to the SEC that Company-1 had agreed to inflate the purchase prices for SEA-2 and SEA-3 by $5 million and $6 million, respectively, in exchange for COLE's secret agreement that Iconix would reimburse Company-1 for these overpayments. COLE also took steps during the Corp Fin inquiry to destroy and conceal relevant evidence, including by deleting emails related to the SEA JVs and directing Horowitz to do the same, in order to prevent the scheme from being detected.

*       *       *

COLE, 62, of New York, New York, was charged in the Indictment with one count of conspiracy to commit securities fraud, make false filings with the SEC, and improperly influence the conduct of audits; one count of securities fraud; six counts of making false filings with the SEC; one count of improperly influencing the conduct of audits; and one count of conspiracy to destroy, alter, and falsify records in federal investigations. The conspiracy charges carry a maximum prison term of five years. The charges of securities fraud, making false filings with the SEC, and improperly influencing the conduct of audits each carry a maximum prison term of 20 years.

The maximum potential sentences in this case are prescribed by Congress and are provided here for informational purposes only, as any sentence will be determined by the judge.

The allegations contained in the Indictment are merely accusations, and the defendant is presumed innocent unless and until proven guilty.

Mr. Berman praised the investigative work of the FBI and the SEC Office of the Inspector General. Mr. Berman also thanked the SEC Division of Enforcement, which brought a separate civil action.

This case is being handled by the Office's Securities and Commodities Fraud Task Force. Assistant U.S. Attorneys Edward A. Imperatore, Scott A. Hartman, and Jared Lenow are in charge of the prosecution.

---

[1] As the introductory phrase signifies, the entirety of the text of the Indictment and the descriptions of the Indictment constitute only allegations, and every fact described should be treated as an allegation.

---

**Attachment(s):**
Download neil_cole_stamped_indictment_redacted.pdf
Download seth_horowitz_information.pdf

**Topic(s):**
Securities, Commodities, & Investment Fraud

**Component(s):**
USAO - New York, Southern

**Press Release Number:**
19-415

Updated December 5, 2019

14

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003
703-941-4694
jjhayes@toast.net

November 11, 2020


Clerk's Office
U.S. District Court, S.D.N.Y.
U. S. Courthouse
500 Pearl Street
New York, NY 10007

In Re: ICONIX BRAND GROUP, INC, *et al.*  No. 1:15-cv- 04860-PGG

Dear Sir/Madam:

Enclosed for filing is my Rule 60 Motion to Reconsider Settlement Approval in the above captioned case.

Best wishes.


Sincerely,

James J. Hayes, Pro Se

4024 FcL... ...
Anna



U.S. POSTAGE
$1.60
FCN  LG  ENV
22116  0000
Date of sale
11/12/20
06        2500
114874844

Clerk's Office
U.S. District Court SDNY
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Pro Se  JKR

RECEIVED
SDNY PRO SE OFFICE
2020 NOV 17  AM 10:55