UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

In re ICONIX BRAND GROUP, INC., et al.

ORDER

15 Civ. 4860 (PGG)

―――――――――――――――――――――――――――

PAUL G. GARDEPHE, U.S.D.J.:

Pending before the Court is James J. Hayes's pro se motion for reconsideration (the "Motion"). (Mot. (Dkt. No. 178)) For the reasons set forth below, Hayes's motion will be denied.

## BACKGROUND

On January 23, 2020 – after holding a settlement fairness hearing that same day – this Court entered a final judgment approving a settlement in this action (herein, the "Final Judgment"). (Final Judgment (Dkt. No. 171); see also Jan. 23, 2020 Hearing Tr. (Dkt. No. 173) at 9:12 (noting that the action was settled for $6 million))

Prior to entry of the Final Judgment, Hayes filed two objections regarding the settlement, which were rejected by the Court. (See Dec. 26, 2019 Hayes Obj. (Dkt. No. 158); Jan. 20, 2020 Hayes Obj. (Dkt. No. 169); Jan. 23, 2020 Hearing Tr. (Dkt. No. 173) at 5:24-6:3, 11:7-12:15); Final Judgment (Dkt. No. 171) ¶ 7 ("The Court has reviewed the objection of James J. Hayes and the arguments contained therein and hereby overrules the objection."))

After the entry of the Final Judgment, Hayes appealed to the Second Circuit. (See Notice of Appeal (Dkt. No. 175)) On August 13, 2020, the Second Circuit issued an order

granting Appellees' motion for summary affirmance of the final judgment approving the parties' settlement.  (See Second Circuit Mandate (Dkt. No. 177))

On November 17, 2020, Hayes filed the instant motion for reconsideration.  (Mot. (Dkt. No. 178))  On November 25, 2020, Lead Plaintiffs City of Atlanta Firefighters' Pension Fund and City of Atlanta Police Officers' Pension Fund (the "Lead Plaintiffs") filed an opposition.  (Lead Pltf. Br. (Dkt. No. 180))  On January 22, 2021, Hayes filed a reply brief.  (Hayes Reply Br. (Dkt. No. 182))

## DISCUSSION

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Venable v. Reed Elsevier, Inc., No. 04-CV-3532 (BSJ) (THK), 2009 WL 2516844, at *1 (S.D.N.Y. Aug. 18, 2009) (citation and quotation marks omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation and quotation marks omitted)).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.  Moreover, "a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court."  Venable, 2009 WL 2516844, at *1.  "Where the movant fails to show

that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." Mikol v. Barnhart, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

Fed. R. Civ. P. 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although Rule 60(b) motions are "committed to the sound discretion of the district court," Shukla v. Sharma, No. 07 Civ. 2972 (CBA) (CLP), 2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014), "[r]elief under Rule 60(b) is disfavored because it disrupts the finality of judgments." Flynn v. Nat'l Asset Mgmt. Agency, 303 F.R.D. 448, 451 (S.D.N.Y. 2014) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)); see also Empresa Cubana Del Tabaco v. General Cigar Co. Inc., 385 Fed. App'x 29, 31 (2d Cir. 2010) ("We have cautioned . . . that Rule 60(b) motions are disfavored"). Accordingly, relief under Rule 60(b) "'is properly granted only upon a showing of exceptional circumstances.'" Flynn, 303 F.R.D. at

3

451 (quoting Marrero Pichardo, 374 F.3d at 55). "[T]he heavy burden for securing relief from final judgments applies to pro se litigants as well as to those who are represented by counsel." Broadway v. City of New York, No. 96 CIV. 2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

Hayes filed the instant reconsideration motion "[u]nder Rules 23 and 60 of the Federal Rules of Civil Procedure," moving for a "Reconsideration of Final Judgment and Preliminary Class Certification to 'issue and amend orders necessary to protect class members and fairly conduct the action.'" (Mot. (Dkt. No. 178) at 1 (citing Fed. R. Civ. P. 23(d)))[1]  Hayes does not reference any specific subsection of Rule 60, however. This Court construes his motion as having been asserted under Rule 60(b).[2]

Hayes first argues that on December 5, 2019, the Securities and Exchange Commission ("SEC") announced that – as a result of its investigation of Iconix – the company would be required to pay a $5.5 million civil penalty. (Id. at 1, 2-3)  Hayes argues that the $5.5 million civil settlement establishes "disqualifying conflicts" for "Plaintiffs['] Attorneys[] . . . [because of] concurrent representation of plaintiffs purchasing Iconix shares from February 22, 2012 to July 28, 2014, with plaintiffs purchasing Iconix after July 29, 2014." (Id. at 8)

---

[1] All references to page numbers in this order are as reflected in this District's Electronic Case Files ("ECF") system.

[2] "A party moving under Rule 60(b)(1), (2), or (3) must do so 'within a reasonable time,' and this time period may not exceed a year after entry of the judgment from which relief is sought if the motion is based on mistake, newly discovered evidence, or fraud." See Hayes v. Harmony Gold Mining Co. Ltd., No. 08 Civ. 3653 (BSJ) (MHD), 2013 WL 12330551, at *2 (S.D.N.Y. Jan. 2, 2013) (quoting Fed. R. Civ. P. 60(c)(1)); see id. (finding that while Hayes's Rule 60 motion "was filed within one year of the order that is the subject of the motion, under the circumstances . . . Hayes' more than nine-month delay in filing the instant motion was unjustified," such that Hayes's Rule 60(b) motion was denied as untimely). For purposes of the this Order the Court will assume arguendo that the instant motion is timely.

4

Hayes further argues that "Seth Horowitz, Iconix's chief operating officer" admitted "to a scheme to inflate Iconix's revenue and [earnings per share] fraudulently" "six weeks before the Plaintiffs' Attorneys[] filed for Final Approval [of the] Class Action Settlement," and that "Plaintiffs['] Counsels' failure to immediately terminate the Settlement Agreement and notify the Court constitutes fraud on the Court and the Class that require Reconsideration of Class Action Settlement Approval." (Id. at 3, 7) Hayes also asserts that "the Defense Attorneys" engaged in "Bad Faith" mediation in connection with the settlement agreement, because the "Defense Attorneys" "knew" – and "fail[ed] to notify the Court" that – there were "criminal fraud allegations" against Horowitz and Neil Cole, Iconix's chief executive officer. (Id. at 9)

Hayes further complains that the class period defined in the settlement agreement is improper. (Id. at 8-9)

As noted above, Hayes appealed the Final Judgment, and the Second Circuit issued a summary affirmance. (See Dkt. Nos. 175, 177) A "Rule 60 motion cannot be used as a substitute for appeal." Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979). "Accordingly, when a party has already sought review in the Court of Appeals and has been unsuccessful, that party may not use a Rule 60(b) motion to restore consideration of the issue to the district court." Searles v. Pompilio, No. 02 CIV. 6567 (PGG), 2011 WL 13175979, at *2 (S.D.N.Y. Sept. 12, 2011) (citing Eutectic, 597 F.2d at 34). "The court of appeals' rulings are the law of the case, and the district court is bound to follow them; it has no jurisdiction to review or alter them." Eutectic, 597 F.3d at 34; see also Searles, 2011 WL 13175979, at *2 (dismissing a pro se motion to vacate a judgment for lack of jurisdiction where the district court had denied a motion for reconsideration and entered judgment, the pro se party had appealed, and the appeal

5

was dismissed by the Second Circuit). To the extent that Hayes asks this Court to reconsider the Final Judgment – a judgment that was affirmed by the Second Circuit – he has provided no basis for this Court to grant such relief. Id.

In any event, the matters now cited by Hayes – including the SEC's December 5, 2019 announcement of the $5.5 million civil penalty, the indictment of Cole and Horowitz's guilty plea, and the allegedly erroneous class period (Mot. (Dkt. No. 178) at 1-7) – were all known to Hayes, were before the Court, and/or were a matter of public record. (See, e.g., Dec. 19, 2019 Lead Pltf. Br. (Dkt. No. 154) at 22-23 (discussing the ongoing SEC investigation); Dec. 19, 2019 Joint Decl. of Class Counsel (Dkt. No. 157) at 8 (referencing Cole's indictment and Horowitz's guilty plea)); Dec. 26, 2019 Hayes Obj. (Dkt. No. 158); Jan. 20, 2020 Hayes Obj. (Dkt. No. 169))[3]

Accordingly, to the extent that Hayes seeks relief under Rule 60(b)(2) on the basis of newly discovered evidence, he has not cited to any previously unavailable evidence in support of his motion. See Hayes, 2013 WL 12330551, at *2 (detailing what a party must demonstrate to prevail on a Rule 60(b)(2) motion, including that "the evidence could not have been discovered in the exercise of reasonable diligence"); see also Nastasi & Assocs., Inc. v. Bloomberg, L.P.,

---

[3] Indeed, in his reconsideration motion, Hayes references an article and press release discussing the $5.5 million civil penalty and the indictment, and both the article and the press release were issued before Hayes filed his initial objections. (See Mot. (Dkt. No. 178) at 3 n.2 (citing "Jaclyn Jaeger, complianceweek.com/regulatoryenforcement/Iconix-three-former-execs-charged-with-accoutning-fraud/28133 article, Dec. 6, 2019"); id. at 12 (referencing December 5, 2019 U.S. Attorney's Office press release entitled: "Former Chief Executive Officer Of Publicly Traded Brand Management Company Charged With Accounting Fraud And Obstruction Of Justice.")) The December 6, 2019 Jaeger article states: "Without admitting or denying the allegations, Iconix agreed to a $5.5 million civil penalty." Jaclyn Jaeger, Iconix, three former execs charged with accounting fraud, Compliance Week (Dec. 6, 2019, 12:02 PM), https://www.complianceweek.com/regulatory-enforcement/iconix-three-former-execs-charged-with-accounting-fraud/28133.article.

No. 18-CV-12361 (JMF), 2020 WL 2555281, at *1 (S.D.N.Y. May 20, 2020) ("[T]o succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is truly newly discovered or could not have been found by due diligence." (citation and quotation marks omitted)); State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) ("To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence.").  Here, the "evidence" Hayes cites was available to him before the Final Judgment was entered, and could have been discovered with the exercise of reasonable diligence before Hayes filed his objections.  Hayes, 2013 WL 12330551, at *2.

To the extent that Hayes argues that plaintiffs' counsel had a conflict (see Mot. (Dkt. No. 178) at 8-10), Hayes argued – in his original objections – that "Lead Counsel" was "Conflicted" (Dec. 26, 2019 Hayes Obj. (Dkt. No. 158) at 1), and this Court rejected his objection.  (See Jan. 23, 2020 Hearing Tr. (Dkt. No. 173) at 11:10-12:15; Final Judgment (Dkt. No. 171) at ¶ 7) ("The Court has reviewed the objection of James J. Hayes and the arguments contained therein and hereby overrules the objection."))  Reconsideration is not properly sought where the movant seeks to raise arguments previously considered and rejected.  See Hayes, 2013 WL 12330551, at *3 (rejecting arguments made by Hayes that "echo[ed] his previous arguments regarding an alleged conflict of interest between Class Counsel and the Class").

Finally, to the extent that Hayes asserts that reconsideration is necessary under Rule 23(d)(1) and (d)(2) so as to "protect class members" (Mot. (Dkt. No. 178) at 1 (citation and quotation marks omitted)), the Court disagrees.  This Court has already explained why the settlement benefited the Class, including that "at the end of the day, [the Class might be] unable to recover anything given Iconix'[s] poor financial condition."  (Jan. 23, 2020 Hearing Tr. (Dkt.

7

No. 173) at 10:19-21; see id. at 10:11-23 (discussing the "very significant litigation risks" that Plaintiffs faced); id. at 8:14-17 (finding ample evidence of procedural fairness due to arm's length negotiation); id. at 10:24-11:4 (finding that the settlement provides a real economic benefit to the Class); id. at 11:7-12 (noting that 70,134 notices were mailed to class members, that only three class members opted out, and that only Hayes – a serial objector – objected to the settlement))  And, as noted above, the Second Circuit affirmed the Final Judgment.  (Second Circuit Mandate (Dkt. No. 177))

"A motion for reconsideration is not . . . a 'second bite at the apple' for a party dissatisfied with a court's ruling."  Benjamin v. Goord, No. 02 Civ. 1703(NRB), 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998)).

## CONCLUSION

For the reasons stated above, Hayes's motion for reconsideration is denied.  The Clerk of Court is directed to terminate the motion (Dkt. No. 178).

Dated: New York, New York
       September 16, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge